# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**SEAN CLANCY,**

    **Plaintiff,**

**v.**                                                                                                    **Case No: 5:20-cv-00047-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

___

## ORDER

This matter is before the Court on the motion of Plaintiff's counsel, Richard A. Culbertson, for authorization to charge a reasonable fee pursuant to 42 U.S.C. §406(b) in the amount of $5,000.00. (Doc. 23). In support of the motion, counsel has filed a fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits. (Doc. 23-1). The Commissioner opposes the requested award, arguing it amounts to a windfall. (Doc. 25).

### I. BACKGROUND

On August 10, 2020, this Court granted the Commissioner's unopposed motion, reversing and remanding the case to the Social Security Administration for further proceedings. (Docs. 16 & 19). On November 13, 2020, this Court's order awarded attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act (EAJA) in the sum of $599.60,[1] for time spent representing Plaintiff before this Court. (Doc. 22). Subsequently, on remand, the Commissioner issued a fully favorable decision and awarded Plaintiff past due

___

[1] The Court also awarded Plaintiff's counsel "the cost of the filing fee in the amount of $400." (Doc. 22 at 1, 2).

benefits. (Doc. 23-2). The May 15, 2022, Notice of Award states that Plaintiff will receive a payment of $70,873.00, and that $6,000.00 was withheld to pay Plaintiff's representative. (Doc. 22-2).

Pursuant to the fee agreement, the attorney fee payable from Plaintiff's past-due benefits is $17,118.65, equaling twenty five percent of the past due benefits—$17,718.25—minus the previously awarded EAJA fees in the amount of $599.60. However, Mr. Culbertson states that he and Plaintiff agreed to reduce the attorney fee to $5,000.00. (Doc. 23).

## II. DISCUSSION

First, The Commissioner challenges Mr. Culbertson's motion as untimely, because it was filed 98 days after the Commissioner's Notice of Award, (Doc. 23-2), rather than within 60 days. (Doc. 25 at 2-3). Second, the Commissioner argues that Mr. Culbertson's request for $5,000.00, is a windfall, requiring a downward adjustment to $4,400.00, ensuring the return of previously awarded EAJA fees to Plaintiff. (Doc. 25 at 4, 9).

### A. Timeliness

In this District, "a plaintiff's lawyer requesting an attorney's fee under 42 U.S.C. § 406(b) . . . must move for the fee within sixty days of the date on the agency's letter stating the amount of past-due benefits." ); *see In re: Administrative Orders of the Chief Judge*, Case No. 3:21-mc-1-TJC (M.D. Fla.) (filed on December 7, 2021). However, "district courts have discretion to consider untimely motions." *Ware v. Pine State Mortg. Corp.*, 754 F. App'x 831, 833 (11th Cir. 2018) (citations omitted). Where there is "good cause" for the delay, an extension of time is permissible. *See id.* (citing Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time.")).

Here, Plaintiff received his agency letter of past-due benefits on May 15, 2022, but Mr. Culbertson's 406(b) motion was filed 98 days later, on August 21, 2022. (Doc. 23). However, Mr. Culbertson establishes good cause for this delay, as he received the notice on July 26, 2022, after having to request it "from the attorney . . . represent[ing] Plaintiff at the second administrative hearing[.]" (Doc. 23 at 2-3). Therefore, this Court considers Mr. Culbertson's motion timely, as he establishes good cause for the delay and filed this motion within 60 days of receiving the notice.

### B. Windfall

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. §406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* As *Gisbrecht*, requires, courts approaching contingent-fee determinations first look to the attorney-client agreement, then test the agreement for reasonableness. *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002). Contingent-fee agreements are "presumptively reasonable," but when challenged, the attorney requesting the award has the burden of demonstrating "that the fee sought is reasonable for the services rendered." *Id.* at 807.

The court independently determines whether "the fee is reasonable under the circumstances[.]" *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 851 (11th Cir. 2020) (citing *Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014)). When assessing an award's reasonableness, a court balances the interest in protecting claimants from inordinately large fees against the interest in ensuring attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht,* 535 U.S. at 805. Factors

indicating a downward reduction of the award is appropriate include whether (1) the requested fee is out of line with the character of the representation and the results the representation achieved; (2) the attorney unreasonably delayed the proceedings, attempting to increase the accumulation of benefits and thereby increase his own fee; and (3) the benefits awarded are large in comparison to the amount of time counsel spent on the case, the "windfall" factor. *Id.* at 808.

Under the "windfall" factor the court may consider the "'effective hourly fee rate,'" only if it considers "other factors, including 'whether an attorney's success is attributable to his own work or instead to some unearned advantage,' the attorney's 'degree of expertise' and adequacy of representation, the percentage of back benefits sought, and the attorney's 'risk of loss.'" *Gossett*, 812 F. App'x at 850–51 (citing *Jeter v. Astrue*, 622 F.3d 371, 380 (5th Cir. 2010); *Mudd v. Barnhart*, 418 F.3d 424, 428–29 (4th Cir. 2005)).

Here, the Court finds that the requested attorney's fees are reasonable. Under the fee agreement, the award would be $17,118.65, but its' reduction to $5,000, protects the Plaintiff from an inordinately large fee, and gives Mr. Culbertson continued incentive to handle these types of claims. (Doc. 23 at 8). Further, the fee requested is in-line with the swift results Mr. Culbertson achieved for Plaintiff, as he highlighted the Commissioner's omissions in the Complaint (Doc.1 at 2), which led to the subsequent remand. (Docs. 16 & 19).[2]

Further, the award of $5,000, fails to amount to a windfall, as it is not comparatively to the 2.9 hours Mr. Culbertson spent working on Plaintiff's case. Ostensibly, the effective hourly rate of $1,724 is large, but this Court cannot consider this rate alone. Instead, it

---

[2] This Court does not address the second *Gisbrecht* factor necessitating an award's downward adjustment, because "there is no allegation of undue delay on the part of counsel." (Doc. 25 at 9).

considers the lack of unearned advantage where Mr. Culbertson's complaint allowed the Commissioner to correct its' mistake and voluntarily remand the case after Plaintiff spent two and a half years in administrative litigation. (Doc. 23 at 4). Further, Mr. Culbertson's experience in the field allowed him to take on Plaintiff's case and achieve such a prompt and positive result for Plaintiff. (Doc. 23 at 8).

Considering that Mr. Culbertson's requested fee is only "7.2% of past-due benefits" awarded to Plaintiff, the effective hourly rate is small. (Doc. 23 at 3). Finally, the degree of risk in a contingent-fee cases like this includes where remand fails to occur, or where the amount of past-due benefits is insufficient to provide for an attorney's fee after payment of the administrative attorney. (Doc. 23 at 11). Therefore, the award requested by Mr. Culbertson fails to amount to a windfall requiring downward adjustment.

Accordingly, for these reasons, Richard A. Culbertson's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. 406(b) (Doc. 23) is due to be **GRANTED**. Section 406(b) fees are approved for counsel in the sum of **$5,000.00.**

**DONE** and **ORDERED** in Ocala, Florida on September 2, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties